**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

RENELLE PEREZ, on behalf of herself
and others similarly situated,

            Plaintiff,

                                      Case No. 1:21-cv-21722-WPD

v.

PHOENIX FINANCIAL SERVICES, LLC,

            Defendant.
_____/

**DEFENDANT'S MOTION TO STAY
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Phoenix Financial Services, LLC (Phoenix), through counsel and under the Federal Rules of Civil Procedure, moves to stay this action pending the Eleventh Circuit's decision on whether to grant an *en banc* review of the recent decision in *Hunstein v. Preferred Collection and Management Services, Inc.*, Case No. 19-14434-HH (*Hunstein*), and states:

    **I.**        **INTRODUCTION AND BACKGROUND**

On May 5, 2021, Plaintiff, Renelle Perez (Plaintiff) filed this class action alleging Phoenix violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, "[b]y communicating regarding the Debt . . . with a third-party mail vendor." D.E. 1 at ¶ 58. Specifically, Plaintiff alleges Phoenix sent her a letter dated February 16, 2021, but, Phoenix "did not print the [] letter" and, instead, Phoenix "provided information regarding Plaintiff and the Debt . . . to a third-party mail vendor" who "then printed the

1

[letter] and sent it to Plaintiff." *Id.* at ¶¶ 25, 30, 32–33, including Ex. A.

Plaintiff's claims are based solely upon the 11th Circuit's recent, novel ruling involving this same issue. *Hunstein v. Preferred Collection & Mgmt. Services, Inc.*, 994 F.3d 1341, 1349 (11th Cir. 2021). However, there is a pending motion for a rehearing of the decision *en banc*, which, if granted, would vacate the *Hunstein* decision and would result in the loss of any precedential authority. *Hunstein v. Preferred Collection & Mgmt. Services, Inc.*, Case No. 19-14434-HH, at p. 3; 11th Cir. R. 35-10. That petition has been supported by 17 *amicus* briefs. Moreover, since *Hunstein* was decided, the Supreme Court issued an opinion in *Ramirez v. TransUnion* that directly affects and calls into question the continued viability of the *Hunstein* decision.

Phoenix is aware in *Seffar v. Financial Business and Consumer Solutions, Inc.*, the Court recently denied the defendant's motion to stay pending the 11th Circuit's decision on whether to grant a rehearing in *Hunstein*. Case No. 0:21-cv-61000, Doc. 15 (S. D. Fla. July 14, 2021). However, it is not clear from this Court's order that the Court considered the effect of a rehearing. As stated above and explained below, if the rehearing is granted, the effect is to immediately vacate the *Hunstein* decision in its entirety and this Court may then make contrary rulings. Moreover, if a rehearing is granted, the 11th Circuit may ultimately find a lack of Article III standing, in which case this Court would lack jurisdiction altogether. Indeed, a stay would conserve judicial resources preventing extensive and potentially unnecessary class litigation based solely upon a novel decision, likely to be vacated, and result in no prejudice to plaintiff.

### III.    RELEVANT PENDING LITIGATION: *HUNSTEIN*

One critical question presented in this lawsuit is whether transmitting information to a mail vendor to generate a letter to the debtor is done in connection with the collection of a debt, an issue directly addressed in *Hunstein*. Under the FDCPA, "a debt collector may not communicate, ***in connection with the collection of any debt***, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c (emphasis added).

In *Hunstein*, the Middle District of Florida answered this critical question in the negative. *Hunstein v. Preferred Collection & Mgmt. Services, Inc.*, 2019 WL 5578878, at *2 (M.D. Fla. Oct. 29, 2019), *rev'd and remanded*, 994 F.3d 1341 (11th Cir. 2021). The District Court explained:

> In the instant case, it appears that Hunstein conflates two communications: (1) Preferred's transmission of information to CompuMail for the purpose of generating a letter to Hunstein; and (2) the actual debt collection letter, that was allegedly transmitted from CompuMail to Hunstein. After careful review, the Court finds that Hunstein does not and cannot allege that Preferred attempted to collect Hunstein's debt from CompuMail. Rather, it is the second communication – the letter that Hunstein himself received – that had the objective of motivating someone to pay the debt. The fact that the debt collection letter that CompuMail generated and sent would be considered a "communication in connection with the collection of a debt" does not make the transfer of information to CompuMail a communication in connection with the collection of a debt. It simply makes it a communication with a third party. Consequently, the Court finds that the letter sent from Preferred to the mail house does not violate § 1692c(b).

*Id*.

Hunstein appealed, and the 11th Circuit reached the opposite conclusion. *Hunstein*, 994 F.3d at 1349. The Court explained:

>  Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection of Hunstein's debt. We thus hold that Hunstein has alleged a communication "in connection with the collection of any debt" as that phrase is commonly understood.

*Id.*

The Eleventh Circuit also addressed a second critical question presented here: whether plaintiff has Article III standing. *Id*. at 1344. Recognizing that providing information to a mail vendor does not cause tangible harm or a risk of harm, the Eleventh Circuit found there was standing solely because "the statutory violation at issue led to a type of harm that has historically been recognized as actionable." *Id* at 1347. Specifically, the Court believed providing information to a mail vendor was analogous to invasion of privacy through the public disclosure of private facts. *Id*. This conclusion is likely erroneous and highly likely to be reversed *en banc* as in a later opinion, the Supreme Court recognized many American courts did not recognize "disclosures to printing vendors as actionable publications." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, fn. 6 (2021). Indeed, "the Supreme Court's decision in *TransUnion* casts significant doubt on the continued viability of *Hunstein*." *In re FDCPA Mailing Vendor Cases*, Case No. 2:21-cv-03383, Doc. 11 (E. D.N.Y. July 23, 2021). *TransUnion* "suggests that the plaintiffs in these cases lack standing and the Court therefore has no jurisdiction over these matters." *Id*.

On May 25, 2021, defendant-appellee Preferred Collections filed a Petition for

4

Rehearing *En Banc* before the Eleventh Circuit, explaining the original panel's decision is fatally flawed because "the panel disregarded existing precedent to hold that the alleged violation was a concrete and particularized harm sufficient to confer Article III standing." Pet. For Rehearing and For Rehearing En Banc, *Hunstein v. Preferred Collection & Mgmt. Services, Inc.*, Case No. 19-14434-HH, at p. 3.

Moreover, numerous nonparties, including Phoenix, filed 17 amicus briefs in support of Preferred Collections' petition for rehearing *en banc*, explaining, *inter alia*, (1) a debt collector does not <u>communicate</u> with a third party in connection with the collection of a debt, as contemplated by § 1692c(b), when it transmits information to its letter vendor agent in order to facilitate the sending of a collection letter to the consumer, (2) that the federal agencies tasked by Congress with interpreting and enforcing the FDCPA recognize and endorse debt collectors' use of letter vendor agents, and (3) that the Eleventh Circuit Panel's decision in *Hunstein*, if not vacated, leaves § 1692c(b) at risk of being set aside as an unconstitutional restriction on commercial speech.

If the Eleventh Circuit grants Preferred Collections' petition for rehearing *en banc*, "the effect of granting a rehearing en banc is to vacate the [*Hunstein*] panel opinion." 11th Cir. R. 35-10. *Hunstein* would have no further presidential weight, and this Court may disagree with the findings in *Hunstein* directly affecting Plaintiff's claims.

### IV. <u>ARGUMENT AND AUTHORITIES</u>

This Court has broad discretion to manage its docket, including decisions regarding whether to stay proceedings.

[T]he power to stay proceedings is incidental to the power inherent in every

> court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an event balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) (a stay may be warranted where resolution of other litigation would "narrow the issues in the pending cases and assist in the determination of the questions of law involved").

"This exercise of judgment between competing interests takes the form of the following factors: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trials; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Jones v. Fiorella Ins. Agency*, 2020 WL 3637377, at *1 (S.D. Fla. July 1, 2020); *see also Mackiewicz v. Nationstar Mortgage, LLC*, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015); *Mohit v. West*, 2020 WL 4547891, at *4 (M.D. Fla. Aug. 6, 2020).

Importantly, "await[ing] a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues" in the pending lawsuit is "at least a good [reason], if not an excellent one" to stay an action. *Miccosukee Tribe of Indians of Florida v. S. Florida Water Mgmt. Dist.,* 559 F.3d 1191, 1198 (11th Cir. 2009); *see also Owens-Benniefield v. Nationstar Mortgage LLC*, 2017 WL 1426720, at *2 (M.D. Fla. Apr. 21, 2017) ("Federal courts routinely exercise their power to stay a proceeding where a pending decision in another court would 'have a substantial or controlling effect on the claims and issues in the stayed case.'"); *Zia v. CitiMortgage, Inc.*, 2016 WL

1230597, at *2 (S.D. Fla. Mar. 22, 2016).  "The parties [in the appellate matter] need not be the same or the issues identical to empower a court to stay a proceeding."  *Morrissey v. Subaru of Am., Inc.*, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015).

Here, the relevant factors clearly weigh in favor of a stay because an *en banc* opinion in *Hunstein* will have a controlling effect on Article III standing and the merits of the FDCPA claim.

**A.**     *The Factors Weigh in Favor of a Stay*.

First, this lawsuit is in its early stages.  It was filed in early May—less than 3 months ago— and Phoenix was served on May 11, 2021.  Doc. 5.  The Court only recently entered a scheduling order, plaintiff has only served preliminary discovery requests, and no substantive motion practice has occurred.  "[T]he litigation's early stage favors" a stay.  *Jones v. Fiorella Ins. Agency*, 2020 WL 3637377, at *2 (S.D. Fla. July 1, 2020).

Second, plaintiff will not be prejudiced or suffer a tactical disadvantage while the *en banc* process in *Hunstein* occurs.  Again, this lawsuit is in its early stages, so, at worst, plaintiff will incur a minimal delay in discovery and motion practice.  This "delay in litigation, without more, generally does not demonstrate undue prejudice."  *InVue Sec. Products Inc. v. Vanguard Products Group, Inc.*, 2019 WL 3958272, at *2 (M.D. Fla. Aug. 22, 2019).  To the extent plaintiff claims she would be prejudiced by fading memories or loss of evidence, she would not.  This case is based upon a legal issue.  Indeed, Plaintiff is already in possession of that letter.  And, the only potential witnesses would be the defendant and the letter vendor testifying regarding their day-to-day business operations where there is no material risk of "fading memories."

On the other hand, Phoenix will be highly prejudiced if the lawsuit is not stayed because it will be forced to conduct class-wide discovery and engage in motion practice based upon an opinion likely to be vacated once the *en banc* hearing is granted and ultimately reversed by the full 11th Circuit panel, especially in light of the Supreme Court's recent ruling in *Ramirez*. *See Ramirez*, 141 S. Ct. 2190, fn 6.

Third, a stay will streamline this proceeding by simplifying the issues and will reduce the burden of litigation on the parties and on the Court because, again, "the effect of granting a rehearing *en banc* is to vacate the [*Hunstein*] panel opinion." 11th Cir. R. 35-10; *see also Kotam Elecs., Inc. v. JBL Consumer Products, Inc.*, 93 F.3d 724, 725 (11th Cir. 1996) (the "order [granting rehearing en banc] vacated the panel's opinion"). As a result, when the *en banc* rehearing is granted, any orders issued by this Court in reliance of the original panel's opinion would be based upon an invalidated opinion. Therefore, if the full panel disagrees with the original panel, this Court's orders would be invalidated. Thus, a stay will streamline this proceeding because the full panel's opinion in *Hunstein* will provide crucial guidance on this Court's jurisdiction (plaintiff's basis for Article III) and the correct interpretation of the phrase "in connection with the collection of any debt."

For this reason, courts routinely find a stay pending appellate review in a different matter "would assist the Court in simplifying and clarifying the law to be applied and issues to be decided." *Mackiewicz v. Nationstar Mortgage, LLC*, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015); *see e.g. Mohit v. West*, 2020 WL 4547891, at *4 (M.D. Fla. Aug. 6, 2020) ("Instead, the third and fourth factors strongly weigh in favor of a stay – once the Eleventh Circuit issues its opinion in the earlier case against the City, the issues

and arguments may be streamlined and the burden on the parties and the Court will ease with guidance from the appellate court."); *Jones v. Fiorella Ins. Agency, 20-CV-14105, 2020 WL 3637377, at \*2 (S.D. Fla. July 1, 2020)* ("The third factor—whether a stay will simplify the issues in question and streamline the trial—also weighs in favor of granting the Motion to Stay. As Fiorella argues, the Supreme Court's ruling in *AACP* has the potential to moot Jones's entire cause of action."); *U.S. v. Jim, 115 A.F.T.R.2d 2015-1670*. A stay is especially prudent where, like here, the appeal relates to binding precedent.

## V. CONCLUSION

WHEREFORE, Defendant Phoenix Financial Services, LLC respectfully requests this Court stay this action pending the Eleventh Circuits decision on whether to grant a rehearing *en banc* of the recent decision in *Hunstein v. Preferred Collection and Management Services, Inc.*, and for such other relief as this Court deems proper.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, the undersigned counsel certifies that he conferred with plaintiff's counsel who opposes the requested relief.

Date: July 29, 2021

        Respectfully submitted,

        */s/ Michael P. Schuette*
        Michael P. Schuette, Esq.
        Florida Bar No. 0106181
        Dayle M. Van Hoose, Esq.
        Florida Bar No. 0016277
        SESSIONS, ISRAEL & SHARTLE, LLC
        3350 Buschwood Park Drive, Suite 195

> Tampa, Florida 33618
> Telephone: (813) 890-2460
> Facsimile: (877) 334-0661
> mschuette@sessions.legal
> dvanhoose@sessions.legal
> *Counsel for Defendant,*
> *Phoenix Financial Services, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of July 2021 a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below:

> Aaron D. Radbil, Esq.
> Alexander Kruzyk, Esq.
> James Davidson, Esq
> Greenwald Davidson Radbil PLLC
> 7601 N. Federal Hwy., Suite A-230
> Boca Raton, FL 33487
> aradbil@gdrlawfirm.com
> mgreenwald@gdrlawfirm.com
> *Counsel for Plaintiff*
>
> Matthew Bavaro, Esq.
> Loan Lawyers
> 3201 Griffin Road, Suite 100
> Ft. Lauderdale, FL 33312
> matthew@fight13.com
> *Counsel for Plaintiff*

>> */s/ Michael P. Schuette*
>> Attorney